## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TISHA MICHELLE CONARD RICHARDSON,

      Plaintiff,

      v.                              Case No. 24-4051-TC-ADM

SHAWN WANGERIN and RYAN YOUNG,

      Defendants.

## MEMORANDUM AND ORDER

This case involves the aftermath of a dispute between parents after a sexual encounter between their teenage children: S.E.F., the son of plaintiff Tisha Michelle Conard Richardson ("Richardson"), and B.W., the daughter of defendant Shawn Wangerin, the Chief of Police of Council Grove, Kansas ("Chief Wangerin"). Richardson filed this action pursuant to 42 U.S.C. § 1983 against Chief Wangerin and Morris County Sheriff's Department Detective Ryan Young ("Detective Young"), asserting claims for their "malicious and recklessly indifferent violations of her clearly established rights under the First, Fourth & Fourteenth Amendments to the United States Constitution." (ECF 1 ¶ 6.) This matter now comes before the court on Richardson's motion to amend her complaint, in which she seeks to assert similar state law tort claims now that she has complied with the Kansas Tort Claims Act ("KTCA") statutory notice requirement set forth in KAN. STAT. ANN. § 12-105b(d). (ECF 20.) Defendants oppose the amendment as futile. (ECF 26, 28.)[1] For the reasons explained below, the court grants Richardson's motion and permits the filing of her amended complaint.

---

[1] Three weeks after Richardson filed her reply, Young filed a motion for leave to file a surreply. (ECF 31.) Young's motion does not set forth new facts or arguments that would warrant

## I.    BACKGROUND

Richardson's complaint alleges that S.E.F. and B.W. were in a dating relationship that eventually led to a "voluntary and consensual sexual encounter at B.W.'s home, while defendant Wangerin was present." (ECF 1 ¶ 11.) B.W. later had a conversation with her parents in which she tearfully admitted to the sexual encounter, but she claimed the encounter was not consensual— all of which led to S.E.F. being charged with rape. (*Id.* ¶¶ 12-13.) Ultimately, it is believed that B.W. did not persist with her version of events, and S.E.F. pled to a charge involving a voluntary act (not rape or forced encounter). (*Id.* ¶¶ 17-18.) But Chief "Wangerin harbored strong animus toward S.E.F. and his entire family following this occurrence." (*Id.* ¶ 20.) A series of subsequent events led to him filing a protection-from-stalking ("PFS") petition against Richardson. (*Id.* ¶¶ 21-42.) Days later, Detective Young swore out a probable cause affidavit (that incorporated statements from Chief Wangerin); presented it to Morris County Attorney William R. Halvorsen; and, based on this affidavit, Halvorsen filed a criminal complaint against Richardson charging her with Stalking, Violation of Protective Order, and Criminal False Communication. (*Id.* ¶¶ 43-73.) Months later, the PFS petition and criminal charges were dismissed on June 14, 2023, the day before the PFS case was scheduled for a final hearing at which Chief Wangerin would finally have been required to present evidence in support of his allegations in the PFS petition. (*Id.* ¶¶ 74-106.)

On June 11, 2024, Richardson filed this case against Chief Wangerin and Detective Young in their individual capacities asserting claims against them pursuant to 42 U.S.C. § 1983 for malicious prosecution, abuse of process, and First Amendment retaliation in bringing the two Morris County court actions against her. Richardson's complaint invoked the court's federal

---

a surreply, and Young did not attach a copy of the proposed surreply as required by D. Kan. Rule 15.1(a)(2). Young's motion for leave to file a surreply is therefore denied.

question jurisdiction. (*Id.* ¶ 110.) The same day, Richardson sent notice of similar state law claims to Morris County and the City of Council Grove pursuant to the Kansas Tort Claims Act, KAN. STAT. ANN § 12-105b(d). (ECF 28, at 1; ECF 28-1.) Richardson's § 1983 complaint purported to "reserve" those claims by stating that she "will also ask the Court to take supplemental jurisdiction over her state law claims [for malicious prosecution, abuse of process, and severe emotional distress] upon expiration of her K.S.A. 12-105b(d) notice." (ECF 1, at 2, 30-33.)

On October 15, Richardson filed the current Motion for Leave to File Her First Amended Complaint. (ECF 20.) The First Amended Complaint seeks to assert state law claims for malicious prosecution, abuse of process, and outrageous conduct causing severe emotional distress. (ECF 20-2 ¶¶ 146-160.) It asserts that Richardson served the notice required by KAN. STAT. ANN. § 12-105b(d) ("the KTCA notice statute"); that her claims were deemed denied pursuant to that statute on October 11, 2024, which was 120 days after they were served on City and County Officials; and that she is bringing her state law claims within 90 days of that denial. (*Id.*) It therefore "asks the Court to take supplemental jurisdiction over her state law tort claims against both defendants, as she has fully complied with all conditions precedent to brin[g]ing her state law tort claims under the notice provisions of K.S.A. 12-105b(d) and the Kansas Tort Claims Act." (*Id.* ¶¶ 6, 114.)

Chief Wangerin and Detective Young argue the court should deny leave to amend on the grounds that the proposed state law claims are futile because Richardson was required to fully comply with the KTCA notice statute—including waiting for the 120-day denial period to lapse— before she filed this lawsuit. In other words, they contend that Richardson was not allowed to "reserve" those claims and then later seek to amend her complaint to assert them once the 120-day notice period had run. Richardson disputes this, claiming she was required to file her complaint by June 14, 2024 (and did so by filing her complaint in this case on June 11) in order to comply

with the one-year statute of limitations on her § 1983 claims.  She further contends that she "took the extra step, given the impending statute of limitations, of stating that the claims were being set forth in the suit in the event the Court later determined the claims did not fall under the Kansas Tort Claims Act because one or both defendants were not acting in the course and scope of their employment with a municipality at the time of their acts."  (ECF 20, at 4.)

## II.     LEGAL STANDARDS

When, as here, a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  "The court should freely give leave [to amend pleadings] when justice so requires."  *Id.*  In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).  The court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."  *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted.  *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (ruling that in the absence of such a showing, amendment should be allowed).  Whether to grant leave to amend lies within the district court's discretion.  *Warnick*, 895 F.3d at 755.

As mentioned above, Chief Wangerin and Detective Young argue that the court should deny leave to amend because the proposed state law claims are futile. "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In this context, the court considers whether the amended complaint could withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases). To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

## III.  ANALYSIS

Richardson seeks leave to add her three "reserved" counts, contending that she complied with the KTCA notice statute by serving her KTCA notices contemporaneously with filing her original complaint on June 11, 2024, before the statute of limitations expired, so her KTCA claims are timely and she should be allowed to add them via amendment. (ECF 20.) Defendants oppose the amendment on futility grounds, arguing Richardson was required to wait for Morris County and the City of Council Grove to deny her KTCA claims before commencing suit and that KAN. STAT. ANN. § 12-105b(d) is "'a statutory condition precedent that must be met before a court has subject matter jurisdiction.'" (ECF 26, at 5.) They contend that a "post-factum fix" is not permitted, and that federal courts interpreting the notice statute's requirements have denied leave

to amend as futile because the amendment "does not overcome the jurisdictional defect caused by premature filing." (ECF 28, at 4; ECF 26, at 5-8.)

Typically, a federal court exercising supplemental jurisdiction over state law claims in a federal question lawsuit must apply the substantive law of the state. *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999). A federal court that is called upon to interpret state law "must look to rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule." *Amparan v. Lake Powell Car Rental Cos.*, 882 F.3d 943, 947 (10th Cir. 2018) (quotation omitted). "Where a state's highest court has not addressed an issue of law, a starting point . . . is the decisions of the state's intermediate court of appeals and those decisions are not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* at 947-48; *accord Nobel v. Steadfast Ins. Co.*, 85 F.4th 1018, 1025-26 (10th Cir. 2023) (same).

Here, defendants rely on several cases that support their argument that compliance with the KTCA notice statute is an issue of subject matter jurisdiction, that a "post-factum fix" is not permitted, and that a failure to comply with the statute prior to filing suit requires dismissal of Kansas state law tort claims. However, nearly all of those cases involve instances where the plaintiff did not comply with the KTCA notice statute at all (either in terms of timing or substance), often in instances where there were no separate grounds for the court's jurisdiction. *See, e.g.*, *Phillips v. Humble*, 587 F.3d 1267, 1274 (10th Cir. 2009) (affirming dismissal of state tort claims where pro se plaintiff "completely failed to provide the state with prior notice of these claims"); *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1236-37 (D. Kan. 2016) (after dismissing all claims on other grounds, further noting it would be futile to allow amendment to assert state law tort claims because the plaintiff conceded he did not comply with the KTCA notice statute);

*Harewood v. Cloud Cty. Comm. College*, Case No. 18-4075-SAC, 2019 WL 2717165, at *4-*5 (D. Kan. June 28, 2019) (dismissing case where plaintiff did not comply with KTCA notice statute); *Talavera v. SW Med. Ctr.*, No. 09-2572-JWL, 2010 WL 3001723, at *3 (D. Kan. July 28, 2010) (dismissing case where plaintiff did not comply with KTCA notice statute); *Sleeth v. Sedan City Hosp.*, 317 P.3d 782, 788-89 (Kan. 2014) (letter to hospital administrator did not substantially comply with the KTCA notice statute and 120-day period for investigation and review had not expired when the plaintiffs filed their lawsuit).

Defendants' reliance on this line of cases is undermined by a more careful analysis of the law as it applies to the procedural posture of the proposed state law claims at issue here. As Richardson points out, the defendants in this case do not attempt to argue that her § 12-105b(d) notice "was deficient in any way – whether related to substance, method of service or timing within the statute of limitations." (ECF 29, at 1.) Rather, the more narrow issue presented here is whether the plaintiff, after having properly invoked the court's federal question jurisdiction by filing her original complaint asserting § 1983 claims, can subsequently file an amended complaint invoking the court's supplemental jurisdiction over state law tort claims for which the plaintiff has since complied with the KTCA notice statute. (ECF 20-2 ¶ 114, at 21-22.) This presents an interesting conundrum in predicting how the Kansas Supreme Court would decide this issue because Kansas state courts typically would not have occasion to exercise federal question jurisdiction over the original complaint, and therefore presumably would not be confronted with this precise issue.

Ultimately, the court finds that the most analogous and persuasive case is *Steed v. McPherson*, 221 P.3d 1157 (Kan. Ct. App. 2010). There, the court held that the district court properly found that it lacked subject matter over the plaintiffs' original petition filed on January 2, 2007, which was only 6 days after they filed their KTCA notice with the defendant utility and

before their claim was denied based on the statutory period. *Id.* at 1167. After the 120-day notice period expired on April 27, 2007, the plaintiffs timely filed an amended petition—all within the statute of limitations. *Id.* The Kansas Court of Appeals concluded that the plaintiffs' amended petition cured the defect in their original premature petition. *Id.* at 1167-68. *Steed* is not at odds with other case law interpreting the KTCA notice statute. As discussed above, in most cases dismissing state law tort claims (or denying leave to amend to assert those claims) for failure to comply with the KTCA notice statute, the plaintiff simply failed to comply with the KTCA notice statute. But where, as here and in *Steed*, the plaintiff seeks to file an amended pleading after complying with the KTCA notice requirements and in compliance with all other seemingly applicable deadlines (*e.g.*, the filing deadlines set forth in the KTCA as well as the applicable statute of limitations), the amended pleading can cure the defect.

Defendants rely on one case that held to the contrary, *Debbrecht v. City of Haysville*, No. 10-1419-JAR-DJW, 2012 WL 1080527, at *1 (D. Kan. Feb. 7, 2012). There, the plaintiffs initially filed suit asserting § 1983 and state law tort claims. But they did not first comply with the KTCA notice statute before filing their state law claims and, after they later complied with that statute, the court recommended that the district judge deny them leave to amend to assert those claims as futile because of their failure to comply with the KTCA notice statute before filing suit. *Id.* at *6. The district judge adopted the report and recommendation, with the clarification that plaintiffs' state-law claims were dismissed *without* prejudice. *Id.* at *1-*2.

But *Debbrecht* is not binding precedent and this court is not necessarily persuaded that it was correctly decided. The magistrate judge in that case recommended that the district judge deny plaintiffs leave to amend to assert their state tort claims because of their failure to comply with the KTCA notice statute before filing suit. In support, the court cited *Duplan v. Harper*, 188 F.3d

8

1195 (10th Cir. 1999), for the proposition that plaintiffs cannot file suit before exhausting pre-suit notice requirements and then cure the jurisdictional defect by filing an amended pleading. But the Tenth Circuit in *Duplan* was not applying the KTCA notice statute. Instead, the Tenth Circuit acknowledged that the Federal Tort Claims Act ("FTCA") bars claimants from bringing suit before first exhausting their administrative remedies; the plaintiffs did not dispute that they filed their original complaint before doing so; and that, "as a general rule, a premature complaint cannot be cured through amendment." *Id.* at 1199-1200 (quotation omitted). But even then, the Tenth Circuit nevertheless proceeded to exercise subject matter jurisdiction because the parties agreed to treat plaintiffs' amended complaint as the institution of a new suit after the plaintiffs had exhausted their administrative remedies under the FTCA. *Id.* The *Debbrecht* court did not reconcile its reasoning with the procedural posture of the claims in *Duplan*, which involved only FTCA claims and not § 1983 or KTCA claims. It was not a case where, as here, it is undisputed that the plaintiff first invoked the court's federal question jurisdiction in asserting § 1983 claims when filing suit, then later sought to amend the pleadings to also invoke the court's supplemental jurisdiction over analogous state-law tort claims. Further, right after the court in *Debbrecht* cited *Duplan* to support its reasoning, it then included a perfunctory "*But see*" cite to *Steed* but did not grapple with its holding.

    *Debbrecht* is also distinguishable from this case in another way, albeit for reasons the *Debbrecht* court did not articulate. In that case, the plaintiffs had originally filed suit in state court and the defendants' notice of removal invoked the court's federal question jurisdiction; the plaintiffs' motion to amend their complaint would have relied on the court's supplemental jurisdiction to assert the state law claims. After the magistrate judge in *Debbrecht* recommended that the district judge deny leave to amend to assert the state law claims because of the plaintiffs'

9

failure to comply with the KTCA notice statute before filing suit, the magistrate judge went on to recommend that the district judge also grant judgment on the pleadings on plaintiffs' § 1983 claims. 2012 WL 1080527, at *10-*11. So the court could have instead dismissed the § 1983 claims and, once federal question jurisdiction no longer existed, simply declined to exercise supplemental jurisdiction over the state-law tort claims subject to the KTCA notice statute. Unlike in *Debbrecht*, Richardson's § 1983 claims appear to be viable (or at least have not been dismissed yet), so the court is confronted with the more discrete issue of whether she may file an amended complaint adding similar state-law tort claims.

Ultimately, the Kansas Court of Appeals' decision in *Steed* is more analogous and "decisions of the state's intermediate court of appeals . . . are not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Amparan*, 882 F.3d at 947-48 (quotation omitted). The court is not convinced that the court's reasoning in *Debbrecht* would be sufficient to persuade the Kansas Supreme Court to reach a result different than the Kansas Court of Appeals' holding in *Steed*. To the contrary, the *Steed* court relied on the principle from the Kansas Supreme Court that "'[w]here an action has been commenced prematurely, the defect may be cured by filing an amended or supplemental petition after the cause of action has accrued, unless the amended petition changes the cause of action.'" 221 P.3d at 1167 (quoting *Thompson v. Meyers*, 505 P.2d 680 (1973)). And another case in this district has followed *Steed* to allow a plaintiff who had prematurely filed her complaint before complying with the KTCA notice statute to later cure that defect by filing an amended complaint after the pertinent defendant denied her claim. *See Macias v. BNSF Railway*, No. 19-2305-JWL, 2020 WL 3469680, at *3-*4 (D. Kan. June 25, 2020); *see also Smith v. Williams*, No. 20-CV-2224-EFM-GEB, 2022 WL 4245479, at *4-*5 (D. Kan. Sept. 15, 2022) (holding state-law

claims asserted in Second Amended Complaint, where plaintiff did not properly file her pre-suit KTCA notice but later complied with the KTCA notice statute, did not relate back to the date of the original pleading; statute of limitation would be calculated based on the date of the plaintiff's second KTCA notice).  The court is therefore unpersuaded that it can or should disregard the Kansas Court of Appeals' holding in *Steed* in favor of *Debbrecht*.[2]

Defendants also rely on the plain language of the KTCA notice statute that requires any person having a KTCA claim to file the notice required by that section "before commencing such action."  They argue this contradicts Richardson's proposed amendment seeking to add state law claims in an action that has already commenced.  (ECF 26, at 4-5.)  But the statute and cases interpreting it also speak in terms of a "claimant" bringing a "claim" against a municipality or employee of a municipality and require that the "claim" must be denied before the claimant can bring a lawsuit alleging those claims.  *See* KAN. STAT. ANN. § 12-105b(d)(1) (using "claim" or a form of the word 16 times); *Brooks v. Dixon*, 346 P.3d 1112 (Kan. Ct. App. 2015) ("The written notice requirement of [Section] 12–105b(d) is a mandatory prerequisite to bringing a tort claim against a municipality in district court.").  Because the focus of the law is on the "claim" and

---

[2] For similar reasons, the court is unpersuaded by defendants' reliance on *Liechty v. Bethel College*.  In that case, the court had already granted the City's motion to dismiss plaintiff's § 1983 claim for failure to state a claim and to dismiss the state law false arrest/imprisonment claim for failure to comply with KAN. STAT. ANN. § 12-105b(d) but allowed plaintiff to file a motion to amend the defective claims.  No. 19-1064-JWB, 2020 WL 954033, at *1 (D. Kan. Feb. 27, 2020).  The court then denied plaintiff's motion to amend to re-assert the state law false arrest/imprisonment claim to allege compliance with KAN. STAT. ANN. § 12-105b(d) by relying on the court's reasoning in *Debbrecht*.  The court also denied leave to amend to re-assert the § 1983 claim because the proposed amended pleading still failed to state claim upon which relief could be granted.  The court did not analyze the court's reasoning in *Debbrecht*, or its reliance on *Duplan*, or try to reconcile those cases with the Kansas Court of Appeals' holding in *Steed*.  The court could have instead denied leave to amend to re-assert the § 1983 claim and, having done so, declined to exercise supplemental jurisdiction over the state law false arrest/imprisonment claim without reaching the issue of the plaintiffs' belated compliance with the KTCA notice statute.

11

ensuring that the "claim" is not brought until the "claim" is denied or deemed denied, the court is unpersuaded by defendants' argument that the plain language of the KTCA notice statute bars Richardson's proposed amendment.

Lastly, allowing the requested amendment will serve the interests of judicial economy by allowing all of Richardson's claims to be litigated in a single lawsuit. Richardson has "no less than 90 days from the date [her claim was deemed denied on October 11, 2024] in which to commence an action." KAN. STAT. ANN. § 12-105b(d)(1). So Richardson has until January 9, 2025, before the statute of limitations expires on her state-law tort claims. She could file a separate action on her KTCA claims, but the court is mindful that leave to amend should be freely granted. This action is already pending and involves the same parties, and the facts and events alleged in the current action support her KTCA claims. Therefore, allowing the amendment will ultimately promote the "just, speedy, and inexpensive" determination of this action. FED. R. CIV. P. 1.

For all of these reasons, the court does not find that the requested amendment is futile.

**IT IS THEREFORE ORDERED** that Richardson's Motion to Amend Complaint (ECF 20) is granted. Richardson is directed to file the Amended Complaint as a separate docket entry within three business days.

**IT IS FURTHER ORDERED** that defendant Ryan Young's Motion for Leave to File a Sur-Reply (ECF 31) is denied.

Dated December 30, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge